UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAROLINA SHIPPING LTD.                          :

        Plaintiff,                              :          08 Civ. _____
                                                                                            ECF CASE
  - against -                                          :

RENAISSANCE INSURANCE GROUP LTD.,   :

        Defendant.                           :
------------------------------------------------------------X

## VERIFIED COMPLAINT

The Plaintiff, Carolina Shipping Ltd. (hereinafter "Plaintiff"), by its attorneys, Tisdale Law Offices, LLC, as and for its Verified Complaint against the Defendant, Renaissance Insurance Group Ltd. (hereinafter "RIG" or "Defendant") allege, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Malta.

3. Upon information and belief, at all material times, Defendant RIG was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Moscow.

4. By a Hull and Machinery Contract (hereinafter the "H&M Contract") dated March 24, 2006, Defendant agreed to insure the M/V A.P. SKY (hereinafter the "Vessel") for a period of insurance beginning on March 25, 2006 and ending on March 24, 2007 in

–1–

consideration for payment by the Plaintiff of a Gross Premium in the sum of $25,000. *See Hull and Machinery Contract annexed hereto as Exhibit "1."*

5. During a voyage from Ravenna to Istanbul between the dates of July 8 and July 26th, 2006, the Vessel experienced a breakdown of the main engine.

6. Plaintiff made a timely submission of its claim for reimbursement of the damage to the Vessel's engine under the H&M Contract.

7. Despite due demand and in breach of the H&M Contract, RIG wrongfully refused to pay the claim.

8. Specifically, RIG has failed to pay Plaintiff's claims for the cost of repair to the main engine plus survey fees and other costs incurred during the repair.

9. As a result, the Plaintiff has suffered damages in the principal sum of $805,602.66 for the cost of repairs to the main engine and $200,000.00 for the cost of the survey and other fees incurred as best as can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys' fees.

10. Despite due demand, the Defendant has failed to pay the sums due and owing to the Plaintiff under the H&M Contract.

11. Pursuant to the H&M Contract, all disputes arising thereunder are to be submitted to the Marine Arbitration Commission at Moscow.

12. In accordance with the H&M Contract, the Plaintiff will soon commence arbitration and appoint its arbitrator.

13. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in Moscow Arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in arbitration:

|   |   |   |   |
|---|---|---|---|
| A. | Principal claim: | | $1,005,602.60 |
| | Repairs to Main Engine | $805,602.66 | |
| | Survey and other Fees Incurred because of the Engine Breakdown | $200,000.00 | |
| B. | Estimated interest on the principal claim at 5.5% for three years | | $179,243.08 |
| C. | Attorneys fees and arbitration costs: | | $200,000.00 |
| Total: | | | **$1,384,845.60** |

14. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

15. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$1,384,845.60** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C.  That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 20, 2008
New York, NY

By: *[signature]*

The Plaintiff,
CAROLINA SHIPPING LTD.,

Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut  )
                     )   ss: SOUTHPORT
County of Fairfield  )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: May 20, 2008
       Southport, Connecticut

_/s/ Lauren C. Davies_
Lauren C. Davies

# EXHIBIT 1

| | |
|---|---|
| Beneficiary: | Renaissance Insurance Group |
| Beneficiary Bank: | ZAO Raiffeisenbank Austria, Moscow |
| | Troitskaya ul. 17/1  129090, Moscow  Russia |
| | SWIFT: RZBMRUMM |
| Beneficiary Account: | 4070 2840 6000 0040 0163   *USD* |
| Correspondent Bank: | Wachovia Bank, N.A. New York, NY International Branch |
| | 11 Penn Plaza 4th floor New York NY 10038 USA |
| | SWIFT: PNBPUS3N  NYC |
| Account: | 2000193460018 |

Carolina Shipping Ltd.
Мальта

INVOICE  № PIM-00087/2006.
СЧЕТ   № PIM-00087/2006

24 March 2006
24 Марта 2006

*Marine Hull&Cargo Insurance Department*
*Управление страхования судов и грузов*

Period of insurance                                25.03.2006 - 24.03.2007
Период страхования

Gross Premium                                      USD 25 000,00-
Страховая премия в сумме

Terms of payment           1st installment – 6 250,00 USD - to be paid before 05.04.2006
Условия оплаты:            2nd installment – 6 250,00 USD - to be paid before 05.07.2006
                           3rd installment – 6 250,00 USD - to be paid before 05.10.2006
                           4th installment – 6 250,00 USD - to be paid before 05.01.2007

Policy  № PIM – 00075/2006
Полис  № PIM – 00075/2006

Bank charges should be for payer's account.
Все расходы по переводу платежа относятся на счет плательщика.

Please quote in the reference of Payment order the number of Invoice-PIM-00087/2006 and the name of vessel – A.P. SKY.
Просьба указывать в ссылке платежного поручения номер счета- PIM-00087/2006 и название судна – A.P. SKY.

Manager
Руководитель:

Chief Accountant
Главный бухгалтер


**Renaissance insurance**

PIM – № 00075/2006

WE, RENAISSANCE INSURANCE GROUP hereby agree, in consideration of the payment to us by or on behalf of the Assured of the premium specified in the Schedule being an indispensable part of the Policy and according to the terms of payment indicated in the section "Premium" of the Schedule to insure against loss damage liability or expense in the proportions and manner hereinafter provided. Renaissance Insurance Group shall be liable only for its own respective proportion.

IN WITNESS whereof the Director of Marine Hull & Cargo Insurance Department of Renaissance Insurance Group has subscribed his name on behalf of Renaissance Insurance Group.

Assured:

Owner
Carolina Shipping Ltd.
Malta
Operator ISM/ISPS
PARTNER LTD
Rostov-on-Don, Russian Federation
Managers
Popov Shipmanagement Ltd.
Malta

in respect of only one vessel as
per Schedule PIM - № 00075/2006-01
attached hereto.

Insurer:

Renaissance Insurance Group
Russia, 115114, Moscow
Derbenevskaya nab. 7, str. 22


(signature)


(signature)

This Policy is not valid unless it bears the stamp of Renaissance Insurance Group.
This insurance is subject to Russian Jurisdiction and all disputes hereunder shall be referred to Marine Arbitration Commission at Moscow, Russian Federation.
Issued at Moscow on the 24th of March 2006.

Renaissance Insurance. License № 3448D of Ministry of Finance
Marine Hull & Cargo Insurance. Phones: (095) 725 10 19, (095) 967 35 89. Fax: (095) 967 35 35/35 66
Russia 115114, Moscow, Derbenevskaya nab., 7, str. 22

| SCHEDULE | PIM - № 00075/2006-01 |
|---|---|
| Policy Number | PIM - № 00075/2006 |

| Name of Assured | | |
|---|---|---|
| Owner | Operator ISM/ISPS | Managers |
| Carolina Shipping Ltd. | PARTNER LTD | Popov Shipmanagement Ltd. |
| Malta | Rostov-on-Don, Russian Federation | Malta |

| Vessel | Tonnage GT | Year of built |
|---|---|---|
| A.P. Sky | 3259 | 1979 |

Voyage or period of insurance
From 00.00 a. m. 25.03.2006 till 24.00 p. m. 24.03.2007 (Moscow time).

Subject – matter insured;
HULL and MACHINERY etc. and everything connected therewith.

Vessels' value
USD 2,000,000.- (two million)

Amount insured hereunder / Proportion
USD 2,000,000.-            100%

Premium
1.25 % Canceling Returns Only. To be paid as per invoice № PIM-00087/2006 dated 24th of March 2006 attached hereto. The premium must be paid accordance with the following schedule:
1st installment – 6 250,00 USD to be paid before 05.04.2006
2nd installment – 6 250,00 USD to be paid before 05.07.2006
3rd installment – 6 250,00 USD to be paid before 05.10.2006
4th installment – 6 250,00 USD to be paid before 05.01.2007

Insured perils, clauses, endorsements, special conditions and warranties.
Institute Time Clauses - Hulls (01.11.95) Clause 280, covering total/constructive loss of vessel, salvage costs, ship's proportion in General Average, damage to her Hull&Machinery, Sue and Labour and Legal Costs. Excluding Collision Liability absolutely. Trading: Worldwide subject to class maintained. Institute Warranties 01/07/76
Including Institute Radioactive Contamination, Chemical, Biological, Bio-Chemical and Electromagnetic Weapons Exclusion Clause CL 370 (10.11.2003)
Deductible – USD 15,000 per claims each accident excluding total loss.
Should the insurance premium be not paid by the Insured in accordance with terms of payment mentioned above the Insurer obtains the right to waive payment of any claims occurred during the delay of installment payment by the Insured.
In the event of non-payment of any or all of the premiums to Renaissance Insurance Group when due, this policy may be cancelled by Underwriters for that part of the insurance to which the outstanding premiums refer, but it is understood that due notice shell be given to the Assured before such cancellation takes effect and that seven days shell be allowed to the Assured after receipt of such notice to remit the premium due.
Notwithstanding above Renaissance Insurance Group is entitle for pro-rata premium due for the period before cancellation.
In case of total loss of the vessel full insurance premium should be paid immediately.
Any amending of the present Insurance is subject to written approval of underwriter.
In the event of a claim under this policy notice should be given immediately to Renaissance Insurance Group.
This policy is issued in duplicate in Russian and English languages. In case of any inconsistency Russian wording shell prevail. The copy of insurance rules is received.

(signature)_____                                           (signature)_____

5



PIM-№ 00075/2006

МЫ, ООО "ГРУППА РЕНЕССАНС СТРАХОВАНИЕ" настоящим подтверждаем согласие взять на страхование судно или суда, находящиеся в собственности или управлении СТРАХОВАТЕЛЯ при условии оплаты нам СТРАХОВАТЕЛЕМ или от имени СТРАХОВАТЕЛЯ страховой премии в соответствии с графиком платежей, указанным в разделе "Ставка и сумма премии" Приложений, в сумме, указанной в Приложениях, являющихся неотъемлемой и составной частью настоящего Полиса.

Страхование по настоящему Полису осуществляется на условиях Правил страхования судов ООО "ГРУППА РЕНЕССАНС СТРАХОВАНИЕ", если не оговорено иное.

ООО "ГРУППА РЕНЕССАНС СТРАХОВАНИЕ" несет ответственность по застрахованному имуществу исключительно в пределах и пропорциях, указанных в Приложениях, являющихся неотъемлемой и составной частью настоящего Полиса.

От имени ООО "ГРУППА РЕНЕССАНС СТРАХОВАНИЕ" действие настоящего Полиса ПОДТВЕРЖДАЕТСЯ подписью Начальника Управления страхования судов и грузов ООО "ГРУППА РЕНЕССАНС СТРАХОВАНИЕ" и печатью ООО "ГРУППА РЕНЕССАНС СТРАХОВАНИЕ".

**СТРАХОВАТЕЛЬ:**

Судовладелец
Carolina Shipping Ltd.
Мальта
Оператор по МКУБ/ОСПС
ООО «ПАРТНЕР»
Г. Ростов-на-Дону, РФ
Менеджер
Popov Shipmanagement Ltd.
Мальта

**СТРАХОВЩИК:**

ООО "Группа Ренессанс Страхование"
115114, Москва
Дербеневская наб. 7, стр. 22

в отношении одного судна
согласно Приложению - PIM-00075/2006-01



(подпись)_____                                                     (подпись)

Настоящий Полис имеет силу только при наличии печати ООО "Группа Ренессанс Страхование". Страхование по настоящему Полису подчиняется юрисдикции Российской Федерации, любые споры и разногласия по Полису и/или в связи с ним должны быть отнесены к ведению Морской Арбитражной Комиссии в г. Москва.
Выдан в г. Москва 24 марта 2006 года.

ООО «Группа Ренессанс Страхование». Лицензия № 3448Д Министерства Финансов РФ.
Управление страхования судов и грузов. Телефоны: (095) 725 1019, (095) 967 3589. Факс: (095) 967 3535/3566.
Россия 115114, Москва, Дербеневская наб., д. 7, стр. 2

ПРИЛОЖЕНИЕ PIM - № 00075/2006-01
ПОЛИС PIM - № 00075/2006

| СТРАХОВАТЕЛЬ | | |
|---|---|---|
| Судовладелец<br>Carolina Shipping Ltd.<br>Мальта | Оператор по МКУБ/ОСПС<br>ООО «ПАРТНЕР»<br>Г. Ростов-на-Дону, РФ | Менеджер<br>Popov Shipmanagement Ltd.<br>Мальта |

| СУДНО | БТ | ГОД ПОСТРОЙКИ |
|---|---|---|
| A.P. SKY | 3259 | 1979 |

**ПЕРИОД СТРАХОВАНИЯ**

Настоящий Договор Заключен на срок с 00.00 часов 17.12.2005 до 24.00 часов 16.12.2006. (время московское).

**ПРЕДМЕТ СТРАХОВАНИЯ**

Корпус, машины и механизмы судна.

**СТОИМОСТЬ СУДНА**

Долларов США 2,000,000- (два миллиона)

| СТРАХОВАЯ СУММА | / | ПРОПОРЦИЯ |
|---|---|---|
| Долларов США 2,000,000- | | 100% |

**СТАВКА И СУММА ПРЕМИИ**

1.25% Страховая премия по настоящему Договору уплачивается в соответствии со следующим графиком платежей, согласно приложенному счету № PIM-00087/2006 от 24 марта 2006 г.:
1-й взнос – 6 250,00 долларов США - оплата не позднее 05.04.2006
2-й взнос – 6 250,00 долларов США - оплата не позднее 05.07.2006
3-й взнос – 6 250,00 долларов США - оплата не позднее 05.10.2006
4-й взнос – 6 250,00 долларов США - оплата не позднее 05.01.2007

**СТРАХОВЫЕ СЛУЧАИ, УСЛОВИЯ, ПРИМЕЧАНИЯ, ДОПОЛНЕНИЯ, ОГОВОРКИ**

Оговорка 280 от 01.11.95 ИЛС. Объем покрытия: полная/конструктивная гибель судна, расходы по спасанию, доля судна по Общей Аварии, повреждение корпуса, машин и механизмов, определение и уменьшение размеров убытка. Полностью исключается покрытие риска ответственности за столкновении/навалы.
Полностью исключается покрытие риска радиоактивного заражения, поражения химическим, биологическим, биохимическим и электромагнитным оружием согласно Оговорке 370 от 10.11.2003 ИЛС.
Франшиза - долларов США 15,000- по каждому страховому случаю за исключением случая полной/конструктивной гибели судна.
Район плавания: Согласно действующему классу судна. Ограничения районов плавания Института лондонских страховщиков от 01.07.76
В случае, если страховая премия за соответствующий период не будет перечислена на расчетный счет Страховщика в соответствии с вышеуказанным графиком платежей, Страховщик имеет право отказать в выплате страхового возмещения по страховым случаям, произошедшим в период просрочки.
В случае неисполнения Страхователем обязанности по оплате страховой премии, Страховщик имеет право досрочно расторгнуть договор страхования в одностороннем порядке путем письменного уведомления за семь дней до даты расторжения и потребовать уплаты страховой премии за период действия договора.
Любое изменение условий страхования настоящего Полиса должно быть согласовано со страховщиком в письменной форме.
В случае полной гибели судна вся сумма страховой премии подлежит немедленной оплате.
При наступлении любого случая, могущего вызвать претензию по данному Полису, страхователь обязан незамедлительно известить об этом ООО "Группа Ренессанс Страхование".
Данный полис выписан на английском и русском языках. В случае любых несоответствий между английским и русским текстами преимущество имеет текст полиса на русском языке. С Правилами страхования ознакомлен, согласен и получил на руки.

(подпись)_____    (подпись)_____