279-08/MEU

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAROLINA SHIPPING LTD.,

                        08 CIV 4711 (BSJ)

          Plaintiff,

  -against-                           DECLARATION OF
                                      ELENA PODBEREZSKAYA
RENAISSANCE INSURANCE GROUP LTD.,

          Defendant.
-----------------------------------------------------------x

I, Elena Podberezskaya, pursuant to § 1746 of Title 28 of the Unites States Code say the following under penalty of perjury:

1.    I am the Director General of Defendant RENAISSANCE INSURANCE GROUP LTD. ("RENAISSANCE"). I submit this Declaration in further support of the motion filed by RENAISSANCE which seeks an order vacating the attachment obtained by Plaintiff CAROLINA SHIPPING LTD. ("CAROLINA").

2.    The attachment action filed by CAROLINA in New York seeks $1,384,845.60 in security for claims allegedly arising under a marine hull and machinery insurance contract issued by RENAISSANCE in respect to the vessel M/V AP SKY.

3.    I initially note that under the policy of insurance issued by RENAISSANCE in favour of CAROLINA, all claims arising under the policy are subject to Russian jurisdiction in arbitration (Marine Arbitration Commission under Chamber of Commerce and Industry of the Russian Federation) in Moscow, Russia. CAROLINA represented by its manager (Popov Shipmanagement Ltd, Malta) acting through its attorney (Russian law firm JURINFLOT) first advised RENAISSANCE on 28th of September 2007 that they intended to commence arbitration proceedings in Moscow. To date, neither CAROLINA nor its manager nor its attorney has yet to commence arbitral proceedings in support of its claim.

NYDOCS1/306172.1

214-08/MEU

4.  Instead, CAROLINA has commenced this Rule B attachment action in New York in order to obtain security from RENAISSANCE with a view toward creating pressure on RENAISSANCE to settle its extant claims.

5.  The reason RENAISSANCE has declined to pay the claims advanced by CAROLINA is that RENAISSANCE has substantial defences to the claims under the terms of the insurance policy. RENAISSANCE believes that CAROLINA's claim is groundless, because the engine of the insured vessel was broken due to improper maintenance and gross negligence of vessel's owner. These findings were verified by independent Survey company ***(Globus Consulting, St.Petersburg, Russia )***. In light of all these circumstances our position is that the accident in question is not covered by insurance policy issued by RENAISSANCE in respect to the vessel M/V AP SKY. RENAISSANCE has denied CAROLINA's claim formally and expresses its readiness to defend its position in the dispute that should be solved in arbitration (Marine Arbitration Commission under Chamber of Commerce and Industry of the Russian Federation) in Moscow, Russia as required by the policy. RENAISSANCE will abide by the decision of the arbitrators.

6.  I am also aware that counsel for CAROLINA has, in opposing RENAISSANCE's motion, contended that RENAISSANCE has no business activity within the State of New York. This is not true. RENAISSANCE does, in fact, have an ongoing relationship with Red Mountain Energy Corp located in Henderson, New York. In addition RENAISSANCE has an ongoing relationship with a large US based company CETCO Capital Equipment and Technology Corporation located in Houston, Texas and Mine Equipment Services Incorporated located in Houston, Texas

NYDOCS1/306172.1

214-08/MEU

7. RENAISSANCE is an insurance underwriter located in Russia having a staff of approximately 3,500 employees in more than 35 cities in Russia. Approximately 1,000 of these employees are located in Moscow. RENAISSANCE is one of the leading companies in the insurance market of Russia. It has the highest strength and solvency rating "A++", granted by leading Russian rating agency and firmly holds a position within the 15 largest and most successful insurance companies in Russia. RENAISSANCE has the largest share capital among all Russian insurance companies. RENAISSANCE uses the credit facilities of leading worldwide financial institutions, including US based Citibank.

8. A significant portion of the business of RENAISSANCE is the underwriting of marine insurance. All risks related to underwriting of marine insurance are reinsured through Willis. Willis is recognized as a leading global insurance broker, handling risk management and reinsurance across a wide range of service areas and industries. There is a first page of Reinsurance Contract No RLXF688 dated 27 January 2006 in the attachment. This Reinsurance Contract covers the period when the attachment CAROLINA's claim occurred.

9. In November 2007, with a view toward expanding its marine insurance business, RENAISSANCE authorized the retention of New York counsel in order to file an application with the New York Secretary of State to obtain authority to do business in the State of New York. RENAISSANCE understood at the time of its registration to do business with the Secretary of State that it was subjecting itself to the general personal jurisdiction of the courts of New York and that it was subject to being sued by anyone for any cause of action whether arising in New York or elsewhere.

10. RENAISSANCE was advised at the time of registering that because it was not licensed in New York to operate as an insurance underwriter, the New York State Insurance

NYDOCS1/306172.1

214-08/MEU

Department would not permit it to use the word "Insurance" it the corporate name when filing for authority with the Secretary of State. RENAISSANCE thus authorized the application to be made under the name "Renaissance Group Russia", a name which was approved by the Insurance Department.

11. In conjunction with the registration, RENAISSANCE appointed its attorney to also serve as its agent to receive service of process on its behalf as permitted by the New York Business Corporations Law as we felt more comfortable in knowing who would be tasked with the responsibility of receiving any suits served against RENAISSANCE.

12. The registration for authority to do business was the first step being taken by RENAISSANCE in conjunction with its plan to eventually establish a New York representative office to explore new business opportunities and the development of RENAISSANCE's business and act as a public relations liaison within the United States generally and New York in particular.

13. RENAISSANCE is fully aware that it has no license and thus cannot underwrite insurance in the State of New York. RENAISSANCE is well aware that if it does market, solicit, or procure insurance, or apply to become a licensed underwriter in New York it will necessarily have to comply with all applicable New York State insurance and business laws and regulations.

14. RENAISSANCE has not, as yet, established a New York representative office as since the time of filing the application for authority to do business, RENAISSANCE has seen a downturn in the United States economy. While RENAISSANCE is also aware of the difficulties in the U.S. housing market, we have not seen any significant reductions in the cost of office space in the New York City market where the representative office is anticipated to be located. Accordingly, RENAISSANCE has determined that it is not appropriate from a

214-08/MEU

business point of view to proceed with establishing a New York office at this time. RENAISSANCE continues to monitor the business climate and will move forward when market conditions are more appropriate.

I declare penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on ___ June, 2008
at Moscow, Russia

Elena Podberezskaya

# Willis

Reinsurance Contract No. RLXF688 - Dated 27 January 2006

**REASSURED:** Renaissance Group and/or affiliated companies and/or branch offices and/or Renaissance Reinsurance Limited, Moscow, Russia.

**PERIOD:** In respect of all losses occurring on risks attaching during the period commencing 1 January 2006 and ending 31 December 2006, both days inclusive.

Original Policies covered hereunder not to exceed a period of twelve months, plus odd time, not exceeding eighteen months, in all, other than Building Risks. Building Risks for periods exceeding twenty four months subject to special acceptance by Reinsurers.

**TYPE:** Excess of Loss Reinsurance.

**FORM:** MAREXEL Slip Policy.

**INTEREST:** All business written by the Reassured in their Marine Department including facultative business and classified by them as:

a) Hull business (including vessels under construction or repair, ocean towages carried out in coastal waters (but excluding 'inter-continental' towages or to be agreed by Reinsurers), 4/4ths Running Down Clause, Fixed and Floating Objects, Loss of Hire, Hull Interest, Freight Interest and other insurances covering loss arising from Total and/or Constructive and/or Compromised Total Loss) including Land Hull;

b) Cargo business. Including Specie and including Exhibition risks when written under cargo clauses equivalent of ICC (Institute Cargo Clauses) (A), extended to cover the goods whilst on display including mounting and dismantling.

Exclusions as attached.

**TERRITORIAL SCOPE:**

Hull:
Hull and Machinery of vessels with Russian or ex-USSR (Union of Soviet Socialist Republics) Interest being Flag or Management or Ownership or Crew.

Willis Limited, a Lloyd's broker, authorised and regulated by the Financial Services Authority
Registered Office: Ten Trinity Square, London EC3P 3AX. Registered Number 181116 England and Wales

