279-08/MEU

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAROLINA SHIPPING LTD.,

      Plaintiff,

-against-

RENAISSANCE INSURANCE GROUP LTD.,

      Defendant.
------------------------------------------------------------x

08 CIV 4711 (BSJ)

UNGER AFFIRMATION
IN FURTHER SUPPORT
OF MOTION TO VACATE

    MICHAEL E. UNGER, affirms the following under penalty of perjury:

  1.  1.  I am an attorney admitted to practice before this Court and am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Defendant RENAISSANCE INSURANCE GROUP LTD. ("RENAISSANCE"). I submit this Affirmation in further support of the Defendant RENAISSANCE which seeks an Order vacating the attachment obtained against it by Plaintiff CAROLINA SHIPPING LTD. ("CAROLINA").

  2.  In particular, I write in response to the argument raised by CAROLINA that the registration by RENAISSANCE with the New York Secretary of State, Division of Corporations for authority to do business in the State of New York is somehow improper.

  3.  In September 2007 RENAISSANCE, a well-known maritime insurance underwriter based in Russia, approached the Freehill firm to inquire as to the steps necessary to establish a New York representative office. After checking with the New York Secretary of State and the Department of Insurance, we advised RENAISSANCE that it should initially file an application to do business in New York as a foreign corporation.

  4.  The Secretary of State, Division of Corporations advised that because the application was to be made on behalf of a foreign insurer the consent of the Department of Insurance would be required in order to process the filing. The New York State Insurance

NYDOCS1/306151.1

214-08/MEU

Department subsequently advised that because RENAISSANCE was not presently licensed in New York to operate as an insurance underwriter, the Insurance Department would not permit it to use the word "Insurance" in the corporate name when filing for authority with the Secretary of State. Accordingly, RENAISSANCE authorized the application to be made under the name "Renaissance Group Russia". We thus sought and obtained approval from the Insurance Department to use this name in connection with the filing with the Division of Corporations. A copy of the Insurance Department consent is attached to the Davies Declaration as part of Ex. 3.

5. The application for authority was then submitted to the Division of Corporations along with the Insurance Department approval letter. The application identified "Renaissance Insurance Group Limited" as the applicant and "Renaissance Group Russia" as the name under which the application should be filed.

6. When searching the Division of Corporations website, http://appsext8.dos.state.ny.us/corp_public/corpsearch.entity_search_entry, "Renaissance Insurance Group Limited" does not produce any match. Only entry of "Renaissance Group Russia" produces a match. A printout of the result from the "Renaissance Group Russia" search is attached to the Davies Declaration as Ex. 2. The Division of Corporations thus lists only the "Renaissance Group Russia" name on its website but denotes that the full corporate name of the entity is "Renaissance Insurance Group Limited". There is nothing at all improper as to the application and use of the Renaissance Group Russia name.

7. The printout from the Division of Corporations website also reveals that the Freehill firm, at its office in Manhattan, was designated as agent for receipt of service of process on behalf of RENAISSANCE.

NYDOCS1/306151.1

214-08/MEU

8. The contention that the appointment of the Freehill firm as agent to receive service of process on behalf of RENAISSANCE is also improper because RENAISSANCE has not appointed the Superintendent of Insurance as agent for service of process (Plaintiff Memo of Law at p. 14), is also unfounded.

9. To be clear, RENAISSANCE has not filed an application as yet to open a representative office or for a license to underwrite insurance in New York. CAROLINA acknowledges as much in its opposition papers. Thus, RENAISSANCE is not required to abide by the provisions of the New York Insurance Law. Only upon going forward with its plans to open an office must RENAISSANCE comply with the Insurance Law and designate the Superintendent of Insurance as its agent for process.

10. Prior to filing the application with the Secretary of State RENAISSANCE was advised that in doing so it would be subjecting itself to the general personal jurisdiction of the courts of New York and subject to being sued by anyone for any cause of action whether arising in New York or elsewhere.

11. Attached hereto as Exhibit A is a true and correct copy of the Order issued by Judge Castel, presumably sitting as the Part 1 Judge, in the matter of <u>Sealand Investment Corp v. Ingosstrakh Insurance Co.</u>, 08-cv-4874 (May 27, 2008), denying an application for a Rule B attachment against a Russian insurance company based upon its prior registration to do business with the Division of Corporations.

12. I have checked with the New York Department of Insurance and have confirmed that the defendant in the <u>Sealand</u> case has not sought permission to open a representative office and has not filed an application to underwrite insurance in New York.

13. Attached hereto as Exhibit B is a copy of the Department of State website printout for Ingosstrakh Insurance Company which is in the same form as that for

3

214-08/MEU

Renaissance – showing the full name of the company which includes the word "insurance" under "Current Entity Name" and the name approved by Insurance Department which excludes the word "insurance" under "Selected Entity Name".

Dated: New York, New York
       June 9, 2008

                                            _____
                                            MICHAEL E. UNGER

# Exhibit A

Unger Affirmation in Further
Support of Motion to Vacate

**JUDGE BUCHWALD**

**'08 CIV 4874**

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs,
SEALAND INVESTMENT CORP.,
EASTWIND TRANSPORT, LTD. and
ATLANTIC WIND LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SEALAND INVESTMENT CORP.,
EASTWIND TRANSPORT, LTD. and
ATLANTIC WIND LTD.,

       Plaintiffs,

                  08 CV ____ (____)

  v.

                  **ORDER FOR ISSUANCE**
INGOSSTRAKH INSURANCE COMPANY,  **OF A PROCESS OF**
                  **MARITIME ATTACHMENT**

       Defendant.
-----------------------------------------------------------X

   Upon reading the Verified Complaint requesting issuance of Process of Maritime Attachment and Garnishment, and the Affidavit of Owen F. Duffy, Esq. attached thereto, and the Court finding that the conditions for an attachment under Rule B of the Supplemental Rules for Admiralty or Maritime Claims Admiralty to the Federal Rules of Civil Procedure appear to exist, it is this day, by the United States District Court for the Southern District of New York, hereby

   **ORDERED** that the Clerk shall issue a Process of Maritime Attachment and Garnishment as prayed for in the Verified Complaint; and it is further

**ORDERED** that the Process of Attachment issued by the Clerk shall be against all property, tangible or intangible, including funds, goods, chattels, credits, effects, debts owned by or owed to the Defendant, INGOSSTRAKH INSURANCE COMPANY, or monies to be paid to discharge a debt owed to the Defendant, including monies being electronically transferred by or to INGOSSTRAKH INSURANCE COMPANY which are in the possession or control of, or being transferred through any garnishee within this District, including, without limitation, property held by or in the possession or control of the following garnishee(s):

1. ABN Amro Bank N.V.
   55 East 52nd Street
   New York, New York 10055

2. American Express Bank Ltd.
   c/o Zeichner Ellman & Krause, LLP
   Legal Counsel for Bank of America
   575 Lexington Avenue, 10th floor
   New York, New York 10022

3. Bank of America, National Association
   c/o Zeichner Ellman & Krause, LLP
   Legal Counsel for Bank of America, N.A.
   575 Lexington Avenue, 10th floor
   New York, New York 10022

4. Bank of China
   410 Madison Avenue
   New York, New York 10017

5. Bank of New York Mellon
   120 Broadway, 19th Floor
   New York, New York

6. BNP Paribas
   787 Seventh Avenue
   New York, New York 10019-6083

2

7. Calyon
   1301 Avenue of the Americas
   New York, NY 10019-6022

8. Citibank, N.A.
   Legal Service Intake Unit
   1 Court Square, 7th Floor
   Long Island City, NY 11120

9. Deutsche Bank Trust Company Americas
   60 Wall Street
   New York, New York 10005

10. HSBC Bank U.S.A., National Association
    452 Fifth Avenue
    New York, New York

11. JPMorgan Chase Bank, National Association
    One Chase Manhattan Plaza
    New York, New York 10081

12. Societe Generale
    1221 Avenue of the Americas
    New York, New York 10020-1092

13. Standard Chartered Bank
    One Madison Avenue
    New York, NY 10010

14. UBS AG
    299 Park Avenue
    New York, New York, 10017

15. Wachovia Bank, National Association
    375 Park Avenue
    New York, New York

or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount up to the amount sued for, *i.e.*, **US$4,444,191.56**, it is further

3

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted, and it is further

**ORDERED** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment, and it is further

**ORDERED** that pursuant to Fed. R. Civ. P., Supplemental Rules for Admiralty or Maritime Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment may be served by any person, who is not less than 18 years old, and who is not a party to this action, and it is further

**ORDERED** that service on any garnishee(s) (i.e. any original garnishee or any garnishee herein) is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of the garnishee's business the next business day, and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, and it is further

4

**ORDERED** that supplemental process enforcing this Order may be issued by the Clerk and served without further Order of the Court.

Dated: New York, New York
       May ___, 2008

SO ORDERED:

_____
U.S.D.J.

Because this Court concludes that the defendant cannot be found within the District, the Order of attachment will not issue. See Centauri Shipping Ltd. v. The Western, 528 F. Supp. 2d 186, 191 n.6. Cf. The Rockefeller University v. Ligand, 2008 WL 2139148 (SDNY May 19, 2008).

("based upon authority to do business in New York and designation of registered agent")

SO ORDERED
/s/ BSJ, USDJ
5-27-08

5

# Exhibit B

Unger Affirmation in Further
Support of Motion to Vacate

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: INGOSSTRAKH COMPANY REPRESENTATIVE OFFICE

Selected Entity Status Information

**Current Entity Name:** INGOSSTRAKH INSURANCE COMPANY, LTD.
**Initial DOS Filing Date:** FEBRUARY 17, 2005
**County:** NASSAU
**Jurisdiction:** SOVIET UNION
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
MCBREEN & KOPKO
500 NORTH BROADWAY SUITE 129
JERICHO, NEW YORK, 11753

**Registered Agent**
MCBREEN & KOPKO
500 NORTH BROADWAY SUITE 129
JERICHO, NEW YORK, 11753

NOTE: New York State does not issue organizational identification numbers.

Search Results     New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page