279-08/MEU
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CAROLINA SHIPPING LTD.,

Plaintiff, 08 CIV 4711 (BSJ)

- against -

RENAISSANCE INSURANCE GROUP LTD.,

Defendant.
-----------------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND STAY OF EXECUTION OF JUDGMENT**

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
RENAISSANCE INSURANCE GROUP LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Of Counsel:
Michael E. Unger (MU 0045)

NYDOCS1/306203.1

**PRELIMINARY STATEMENT**

Renaissance Insurance Group Ltd. ( hereinafter "RENAISSANCE" or "Defendant") submits this Memorandum of Law in opposition to Plaintiff Carolina Shipping Ltd.'s (hereinafter "CAROLINA" or "Plaintiff") Motion for a Stay of Execution of the Court's June 10, 2008 Order and Judgment vacating the maritime attachment issued pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter the "Supplemental Rules") and directing the release of RENAISSANCE's property which has been restrained at various garnishee banks. As set forth herein, Plaintiff is not entitled to a stay because it cannot satisfy the requirements for the Court to exercise its discretion to order a stay under *Hirschfeld v. Board of Elections,* 984 F.2d 35, 39 (2d Cir. 1992). Moreover, Plaintiff relies on outdated case law and fails to cite controlling U.S. Supreme Court precedent that effectively renders its plea for a stay, as well as its "concerns" as to the future financial viability of Defendant moot.

**BACKGROUND**

On May 20, 2008, Plaintiff instituted the present action to obtain security in respect of claims for the alleged failure of RENAISSANCE to pay its claim under a Hull & Machinery insurance policy issued in respect to its vessel M/V AP SKY. Upon obtaining an Ex Parte Order authorizing the attachment of RENAISSANCE's property, Plaintiff proceeded to begin attaching funds belonging to RENAISSANCE which were in the hands of various garnishee intermediary banks within the District. Upon learning that Plaintiff had commenced this action RENAISSANCE moved to vacate the attachment pursuant to Rule E of the Supplemental Rules. On June 10, 2008, this Court heard oral

argument on the Motion to Vacate the Maritime Attachment and proceeded to issue its carefully reasoned oral decision granting the Motion to Vacate based upon the fact that RENAISSANCE was "present" in the District at the time Plaintiff filed its Verified Complaint by virtue of its prior registration with the New York Secretary of State and designation of an agent to receive service of process within the District.

Plaintiff CAROLINA has now made a motion requesting this Court exercise its discretion and stay execution of the Judgment and release of the restrained funds while Plaintiff appeals. RENAISSANCE opposes the Plaintiff's motion which, for the reasons that follow, must be denied.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S MOTION FOR A STAY SHOULD BE DENIED**

Plaintiff's main argument in support of the motion is that it is "concerned that the attached funds currently held as security for its claims against the Defendant will be lost during the pendency of its appeal of this Court's June 10, 2008 Order." *See Plaintiff's Memo of Law at 2.* However, throughout its entire argument Plaintiff has not cited to any authority to justify its request for a stay under the circumstances.

Courts considering motions for a stay pending appeal almost universally apply the following factors:

> (1) whether the movant will suffer irreparable injury absent a stay;
> (2) whether a party will suffer substantial injury if a stay is issued;
> (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; and
> (4) the public interest that may be affected.

*Hirschfeld v. Board of Elections,* 984 F.2d 35, 39 (2d Cir. 1992) (citations and internal quotation marks omitted).

The party seeking a stay pending appeal bears the burden of proving an entitlement to the stay. *United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.,* 44 F.3d 1082, 1084 (2d Cir. 1995) ("A party seeking a stay of a lower court's order bears a difficult burden."); *see also, Clarett v. National Football League,* 306 F. Supp. 2d 411, 412 (S.D.N.Y. 2004) (denying application for stay because movant failed to meet burden to prove entitlement to stay); *Neely v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry,* 2003 U.S. Dist. LEXIS 12497, No. 00-CV-2013 (SJ), 2003 WL 21448872, at *1 (E.D.N.Y. June 4, 2003) (denying application for stay because movants did not satisfy "high burden" placed upon them). Furthermore, a "[Movant's] failure to satisfy one prong of the standard for granting a stay pending appeal dooms the motion." *Covanta Onondaga Ltd. P'ship v. Onondaga County Resource Recovery Agency*, 2002 U.S. Dist. LEXIS 20298 (N.D.N.Y. Oct. 24, 2002) (*quoting Green Point Bank v. Treston,* 188 B.R. 9, 12 (S.D.N.Y. 1995)); *see also*, *Hirschfeld,* 984 F.2d at 39 (*quoting Dubose v. Pierce,* 761 F.2d 913, 920 (2d Cir. 1985)).

In the case at bar, Plaintiff cannot satisfy any of the four prongs, let alone all of them. Moreover, and contrary to its hollow assertions, equity does not favor granting the relief Plaintiff requests in this case, if not least because of its violation of RENAISSANCE's rights in obtaining the Ex Parte Order, which were thoroughly discussed at the hearing on RENAISSANCE's motion to vacate the attachment. As such,

and as established below, Plaintiff has not and cannot satisfy the high burden required to justify the Court's exercise of discretion to grant a stay.

***(1) There is no irreparable injury to Plaintiff absent a stay***

Plaintiff argues that if no stay is granted and the funds held pursuant to the Process of Maritime Attachment and Garnishment are released before the appeal is decided its appeal of the Vacatur Order would be an "empty rite". This argument completely ignores the current state of the law in this arena. *See Plaintiff's Memo of Law at 11.* As a matter of fact and law, Plaintiff will not be irreparably injured by release of the funds to RENAISSANCE.

As an initial point, it is noteworthy that at the time Plaintiff sought the Ex Parte Order in this action, it had not even initiated arbitral proceedings in Russia as called for under the policy of insurance. To the extent that Plaintiff concedes that a Rule B attachment is an ancillary remedy, which is axiomatic, there was nothing for it to secure at the time it filed its Verified Complaint. In other words, Plaintiff's cry of irreparable injury is remote and highly speculative, at best. *Equal Employment Opportunity Commission v. Local 638*, 1995 U.S. Dist. LEXIS 7756, No. 71 CV 2877, 1995 WL 355589, at *2 (S.D.N.Y. June 7, 1995) ("[t]o establish irreparable harm, [parties] must demonstrate an injury that is neither remote nor speculative, but actual and imminent.")(internal citations omitted) (*quoting Consolidated Brands, Inc. v. Mondi*, 638 F. Supp. 152, 155 (E.D.N.Y. 1986)).

Apart from that, and perhaps constituting the most glaring omission in Plaintiff's motion papers, is the fact that it ignores case law which holds that continuous control of the *res* is no longer required to maintain appellate jurisdiction in a case where a maritime

attachment is vacated. *See*, *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 88 (1993) ("We hold that, in an *in rem* forfeiture action, the Court of Appeals is not divested of jurisdiction by the prevailing party's transfer of the *res* from the district."); *accord*, *Stevedoring Services of America v. Ancora Transport, N.V.*, 59 F.3d 879 (9th Cir. 1995) a rule B attachment case that followed *Republic Nat'l Bank of Miami* and held that jurisdiction is not lost over the *res* when a motion to vacate an attachment is granted. Moreover, given its registration with the Secretary of State, the Court will continue to have *in personam* jurisdiction over RENAISSANCE and can order the return of the funds should the Second Circuit decide in Plaintiff's favor. RENAISSANCE unambiguously commits to maintain its registration at least through the conclusion of this action. As such, the District Court as well as the Court of Appeals maintains either *in rem* jurisdiction over the property of RENAISSANCE or *in personam* jurisdiction over the Defendant itself. If the funds are released the Court can issue a further order directing that they be returned to the jurisdiction should Plaintiff prevail on its appeal. Thus, there is no basis upon which a stay of the release of the funds is justified.

Furthermore, Plaintiff's reliance on the "useless judgment" rule, as enunciated by the Supreme Court in 1950 in *Swift & Co. Packers v. Compania Columbiana Del Caribe, S.A.*, 339 U.S. 684, 698 (1950), is equally misplaced. For one thing, any concern of a "useless judgment" is highly speculative in light of the fact that the plaintiff has not even demanded arbitration of its claim against RENAISSANCE. For another, RENAISSANCE is a well-respected international insurance company which is backed by another very substantial insurance company located in England. As noted by Judge Rakoff under similar circumstances, "Plaintiff's ability to collect a prospective judgment

is remarkably secure … because defendant's need to use the world's financial markets regularly ensures that attachment of EFTs will be as available post-judgment as it has been pre-judgment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 384 F. Supp. 2d 726,730-31 (S.D.N.Y. 2005) *overruled on other grounds by* 460 F.3d 434 (2d Cir. N.Y. 2006). Therefore, "while plaintiff clearly would be less secure in the absence of the attachment, it would suffer no prejudice if the attachment were vacated. Indeed, its position would be no worse than that of any other plaintiff in a civil action." *Signet Shipping Co. v. Southern Hardwoods, Inc.*, 108 F. Supp. 2d 649, 650 (E.D. La. 2000), *cited with approval in Allied Mar., Inc. v. Rice Corp.*, 2004 U.S. Dist. LEXIS 20353, *9, footnote 17 (S.D.N.Y. 2004), *reconsideration denied by, stay denied by, Allied Maritime, supra.*

Perhaps in implicit recognition that the law does not favor its motion, Plaintiff proceeds to attempt to smear RENAISSANCE by alleging it is a financially unstable enterprise which might not be around to satisfy a theoretical future judgment in Plaintiff's favor. *See Plaintiff's Memo of Law at 11-12.* To support this fiction, Plaintiff suggests that it may take up to ten years for the arbitration to run its course. This, however, assumes that Plaintiff will one day in the future actually get around to commencing arbitration – an act it has been reticent to do, apparently because it is concerned that it will have to secure RENAISSANCE for the attorney's fees and other costs incurred by Defendant which Plaintiff will end up having to pay once the baseless claim under the policy is decided in RENAISSANCE's favor.

In any event, the case law is clear that "irreparable injury means 'the kind of injury for which money cannot compensate,' and therefore '[a] monetary loss will not

suffice unless the movant provides evidence of damage[s] that cannot be rectified by financial compensation.'" *EEOC v. Local 638*, 1995 WL 355589, at *2 (S.D.N.Y. June 7, 1995) (quoting *Sperry International Trade Inc. v. Government of Israel*, 670 F.2d 8, 12 (2d Cir. 1982) and *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989). Here it is beyond doubt that the injuries alleged by Plaintiff would not require a remedy other than monetary damages. This action was brought by Plaintiff specifically to ensure that it would be able to collect on money judgments against RENAISSANCE. Furthermore, Plaintiff has failed to establish that any judgment against Defendant has a reasonable possibility of being uncollectible. Despite its "the sky is falling" conjecture, Plaintiff has not asserted that RENAISSANCE is currently insolvent which would act as an exception to the general rule that monetary damages do not equate to irreparable injury. *Sea Carriers Corp. v. Empire Programs, Inc.,* No. 04-CV-7395 (RWS), 2006 WL 3354139, at *4 (S.D.N.Y. Nov. 20, 2006). Any speculation in respect to Plaintiff's assertions regarding the future perilous financial condition which might befall RENAISSANCE should be rejected.

The foregoing conclusively demonstrates that Plaintiff has not satisfied its burden to demonstrate irreparable harm and a stay of this action pending appeal is therefore inappropriate. RENAISSANCE has no intention of dissolving its New York state business registration, as Plaintiff suggests it could undertake to do, and fully appreciates that this Court will retain jurisdiction over it to order the return of the restrained funds if the Court of Appeals reverses this Court's June 10, 2008 Order.

In sum, Plaintiff has failed utterly to point to any ***irreparable*** injury it would suffer should a stay not be issued. Its arguments to the contrary are all rendered moot in view of the fact that it failed to cite, much less consider, that under the Supreme Court's decision in *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 88 (1993) maintenance of the res in an attachment case is no longer necessary to preserve the Court's jurisdiction.

***(2) A stay will cause injury to RENAISSANCE***

Admittedly, the injury that RENAISSANCE will continue to suffer if a stay is issued is limited to economic and administrative injury. However, the funds which have been restrained are being held in a non-interest bearing account and RENAISSANCE will thus be deprived of the ability to use and earn interest on the funds unless a supersedeas bond is posted. Further, allowing the funds to remain restrained does not address the inherent inequity of allowing Plaintiff to keep the bond during appeal when the point of the Court's decision was that Plaintiff never should have sought to attach RENAISSANCE's property in the first place. Accordingly, because the equities tilt heavily in RENAISSANCE's favor, this factor weighs in support of denying the Plaintiff's motion for a stay.

***(3) Plaintiff has not demonstrated a substantial possibility of success on appeal***

Plaintiff has not demonstrated that there is a substantial possibility of success on appeal with regard to the merits because Plaintiff has simply reargued the issues previously decided. *See Plaintiff's Memorandum of Law at 4-10.* Contempt for the Court's June 10, 2008 Order and repackaging of its prior, unsuccessful arguments cannot support a finding of a strong likelihood of success on the merits. *See, Schwartz v. Dolan*,

159 F.R.D. 380, 384(N.D.N.Y. 1995) (analyzing the likelihood of success on the merits of an appeal for purposes of Rule 62(a), the Court observed: "[m]ere repetition of arguments previously considered and rejected cannot be characterized as a "strong showing").

A cursory review of the Plaintiff's Memoranda of Law both on this motion, and in opposition to RENAISSANCE's motion to vacate, reveals that Plaintiff has cited not a single relevant case in support of its argument that it has proven a substantial likelihood of success on appeal. In fact, in its zeal Plaintiff completely ignores key portions of the Court's June 10, 2008 oral decision that render vast portions of its Memorandum of Law irrelevant. For example, the Court ruled as follows:

> Now, the plaintiff contends that the defendant's registration with the Secretary of State to do business within the state is insufficient to satisfy [the jurisdictional] prong of [*Seawind Compania S.A. v. Crescent Line, Inc.*, 320 F.2d 580,582 (2d Cir. 1963)] and argues, citing *Erne [Shipping Inc. v. HBC Hamburg Bulk Carriers GmbH & Co. KG*, 409 F.Supp.2d 427 (S.D.N.Y. 2006] that the defendant's contacts must be continuous and systematic under this prong. However, looking at the bulk of recent authority in this district considering this issue, I find that I agree with it, and I agree that registration with the New York Secretary of State is sufficient contact to meet minimum due process standards.

*Transcript from June 10, 2008 hearing (emphasis added) adopting the holdings in Express Sea Transport Corp. v. Novel Commodities S.A.*, 06-CV-3404 (Judge Lynch, May 4, 2006); *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 07-CV-4761 (Judge Sullivan, Sept. 7, 2007), *reaffirmed* at 528 F.Supp.2d 186, 190-193 (S.D.N.Y. 2007); and *Sealand Investment Corp v. Ingosstrakh Insurance Co.*, 08-CV-4874 (Judge Castel, May 27, 2008).

It is also significant that on June 24, 2008 Judge Sweet issued an Opinion and Order in the matter of *Minmetals Shipping & Forwarding Co. Ltd. v. HBC Hamburg Bulk Carriers GmbH & Co. KG*, 08 CV 3533, granting the defendant's motion to vacate an

attachment against it based upon its prior registration to do business with the Secretary of State. Significantly, Judge Sweet adopted the views of Judges Sullivan, Lynch, Castel and Your Honor in finding that registration with the Secretary of State is sufficient activity in order to confer *in personam* jurisdiction over the defendant.

The arguments Plaintiff asserts in its Motion to Stay are carbon copies of the arguments this Court previously rejected. The Plaintiff's motion consists largely of a rehashed attempt to persuade this Court that its analysis is inconsistent with rulings from other District Judges, which RENAISSANCE asserts is incorrect. While such disagreement with a ruling from the District Court may form the basis for an appeal (improvident or otherwise), such arguments are nevertheless an entirely inadequate basis for demonstrating a substantial possibility of success on appeal.

That the Second Circuit granted the plaintiff's motion to extend the stay in *Centauri Shipping Ltd. v. Western Bulk Carriers KS* after a request for the same relief had been rejected by Judge Sullivan does not, as Plaintiff suggests, equate to a finding that CAROLINA has, in this action, demonstrated a substantial possibility of success on appeal. The Second Circuit decision granting the continuance of the stay pending appeal in *Centauri* fails to state any basis for its decision. Rather, the Second Circuit's Order merely cites *McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. 2007) and *Aqua Stoli Shipping Ltd. v. Gardner Smith Ltd*, 460 F.3d 434, 443 (2d Cir. 2006). The page cited from *McCue* merely lists the four factors to be considered in issuing a stay pending appeal. The significant distinction in the *McCue* case is that the merits of the appeal had already been before the Appellate Court in the form of having heard an interlocutory appeal after full briefing. Under those

circumstances, the *McCue* court was in a position to evaluate the probability of success of the merits. The cited portion of the *Aqua Stoli* decision simply references the traditional policy underlying maritime attachments and cites to Judge Leval's opinion in *Intergrated Container Service, Inc. v. Star Lines Container Shipping, Ltd.*, 476 F. supp 119, 122 (S.D.N.Y. 1979) which states:

> [A]ttachment is precluded under Admiralty Rule B(1) only if the defendants have engaged in sufficient activity in the District or the cause of action has sufficient contacts with the District to permit the Court to exercise *in personam* jurisdiction over the defendants . . . and in addition can be found within the geographical confines of the District for service of process.

What was not answered by Judge Leval or the Second Circuit is what constitutes "sufficient activity" in order to permit the Court to exercise *in personam* jurisdiction over the defendants. The answer to that question, as recognized in the cited case law, as well as by Magistrate Gorenstein in *Erne* is filing with the Secretary of State is sufficient activity to confer *in personam* jurisdiction over the defendant.

Consequently, Plaintiff has not satisfied the likelihood of success on the merits of an appeal prong to warrant any further stay of the Court's Order because it has not demonstrated any likelihood of success on appeal, let alone a strong likelihood.

***(4) There is no public interest warranting a stay***

Plaintiff has not truly pointed to a single public interest that is implicated in this action. Nor, therefore, has it made any showing that the public interest will be harmed if a stay is not granted. More particularly, there is no basis for claiming there is any public interest in the United States in this case involving foreign parties with regard to the future enforceability of a Russian judgment (assuming Plaintiff actually pursues arbitration,

obtains an award in its favor, and RENAISSANCE does not voluntarily pay the award – which is highly unlikely). Since the public interest is not in any meaningful way implicated in this case, which at best is described as a dispute between two foreign parties regarding events which may be arbitrated in Russia and the future enforceability of a theoretical Russian judgment, the Court must find that Plaintiff is unable to satisfy this factor. For this reason alone, the Motion for a Stay must be denied. *Covanta*, 2002 U.S. Dist. LEXIS 20298 (N.D.N.Y. Oct. 24, 2002).

## POINT II

## IN THE EVENT THE COURT GRANTS THE PLAINTIFF'S MOTION, A SUPERSEDEAS BOND SHOULD BE REQUIRED TO BE POSTED BY PLAINTIFF

Under Federal Rule of Procedure 62, the petitioner is *required* to post a bond in order to obtain a stay. *See*, Fed. R. Civ. P. 62(d)("[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule [which involve "Injunctions, Receiverships, and Patent Accountings."] In the event the Court grants Plaintiff's Motion to Extend the Stay, Plaintiff should be required to post a supersedeas bond in favor of Defendant for the interest which will be lost during the appeal as well as the costs reasonably expected to be incurred in connection with the appeal in a form and by a surety approved by the Court. .

## CONCLUSION

For the reasons set forth herein, there is no valid reason to stay execution of the judgment entered by the District Court pending appeal. Plaintiff has not even come close to demonstrating circumstances that would warrant a stay pending appeal. Accordingly,

the Court must deny Plaintiff's Motion for a stay or, at a minimum, direct the Plaintiff to post a supersedeas bond in favor of Defendant.

Dated: New York, New York
June 25, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
RENAISSANCE INSURANCE GROUP LTD.

By: ______________________________

Michael E. Unger (MU 0045)
80 Pine Street
New York, New York 10005
(212) 425-1900
(212) 425-1901 (fax)