```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
CAROLINA SHIPPING LTD.,              :
                                     :
                    Plaintiff,       :    08 CV 4711 (BSJ)
                                     :
        -v-                          :    ORDER
                                     :
RENAISSANCE INSURANCE GROUP LTD.,    :
                                     :
                    Defendant.       :
                                     :
------------------------------------ X
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/09

## Introduction

Pursuant to a writ of attachment issued by this Court, Plaintiff Carolina Shipping Ltd. ("Carolina") restrained $238,125.50 of Defendant Renaissance Insurance Group Ltd.'s ("Renaissance") funds. By Order dated June 10, 2008, Renaissance's motion to vacate the attachment was granted, but this Court subsequently stayed the vacatur pending appeal to the United States Court of Appeals for the Second Circuit. Renaissance now moves the Court for an order requiring Carolina to post a $30,000.00[1] bond as security for costs to be incurred

---

[1] Renaissance has included an explanatory footnote explaining how the figure of $30,000.00 was reached. As set forth in Renaissance's Memorandum of Law in Support of the motion, "[t]his figure is derived as follows, $14,036.20 (($250,000.00 (Restrained) at 5.5 (Interest Rate Plaintiff used in the complaint) for 1 Year compounded quarterly (estimated time of Appeal)) + estimated costs of appeal in the sum of $16,000.00 + estimated transcript and copy costs on the motion to vacate $630.49."

on appeal and the interest due on the attached funds, or in the alternative, to release the restrained funds and dismiss the Complaint.  In response, Carolina submitted a letter dated January 19, 2009, asserting, without citation to any Rule or other authority, that this Court no longer retains jurisdiction to determine the propriety of the bond.  For the reasons that follow, the Court grants Renaissance's motion and directs Carolina to post a $30,000 bond or, in the alternative, to release the funds.  The Court declines to dismiss the Complaint should Carolina fail to post the bond.

## Discussion

Federal Rule of Civil Procedure 62(c) regulates the power of district courts to grant the relief requested by Renaissance.  Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. E. Air Lines, Inc., 847 F.2d 1014, 1018 (2d Cir. 1888) (citing 9 J. Moore, et al., Moore's Federal Practice ¶ 208.02 (2d ed. 1987)).  Rule 62(c) provides in relevant part:

> Injunction Pending Appeal.  When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Fed. R. Civ. P. 62(c).

This rule has been narrowly interpreted to allow district courts to grant only such relief as may be necessary to preserve

2

the status quo pending an appeal where the consent of the Court of Appeals has not been obtained.  See Int'l Ass'n of Machinists and Aerospace Workers, 847 F.2d at 1018; New York v. Nuclear Regulatory Commc'n, 550 F.2d 745, 758-59 (2d Cir. 1977); Ideal Toy Corp. v. Sayco Doll Corp., 302 F.2d 623, 625 (2d Cir. 1962).

Directing the posting of a bond by Carolina to cover the costs Renaissance will incur on appeal and the interest due on the attached funds does not change the status of this case as it sits before the Court of Appeals.  Indeed, Under Rule 62(c), "a supersedeas bond provides compensation for those injuries which can be said to be the natural and proximate result of the stay." Moore v. Townsend, 577 F.2d 424, 427 (7th Cir. 1978) (internal quotation marks and citation omitted).  Moreover, Rule 8(a)(1)(B) of the Federal Rules of Appellate Procedure, provides that "[a] party must ordinarily move first in the district court for . . . approval of a supersedeas bond . . . ."  For example, in Centauri Shipping Ltd. v. W. Bulk Carriers KS, 528 F. Supp. 2d 186 (S.D.N.Y. 2007), the district court denied plaintiff's motion for a stay of the vacatur pending appeal, but granted a temporary stay pending resolution of plaintiff's application to the Court of Appeals.  The Second Circuit granted plaintiff's application, and directed defendants to submit an application for a supersedeas bond to the district court.  See Centauri Shipping Ltd. v. W. Bulk Carriers KS, No. 07 Civ. 4761 (S.D.N.Y.

3

May 5, 2008) (order directing Plaintiff to post a supersedeas bond).

The Court notes that there is a difference between this case and Centauri Shipping in that here there was no surety bond already posted when the attachment was vacated. The argument could be made that the lack of an underlying surety bond is significant because the requested relief — either requiring Carolina to post a $30,000 bond or releasing the restrained funds — entails more than the preservation of the status quo pending the appeal from this Court's vacatur. This Court sees no difference between setting a bond and adding an additional security. It certainly does not, in any way, change the posture of the issues on appeal before the Circuit Court.

## Conclusion

For the foregoing reasons, the Court directs Carolina to post a $30,000.00 bond as security for costs to be incurred on appeal and the interest due on the attached funds or, in the alternative, to release the restrained funds.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          February 2, 2009